**UNITED STATES of America, Appellee,**

v.

**Mitchell JACKSON, Appellant.**

No. 83–2028.

United States Court of Appeals, Eighth Circuit.

Submitted June 22, 1984.

Decided Aug. 23, 1984.

Daniel P. Reardon, Jr., St. Louis, Mo., for appellant.

Thomas E. Dittmeier, U.S. Atty., Henry J. Fredericks, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

PER CURIAM.

Mitchell Jackson appeals from his conviction for possession of a firearm in violation of 18 U.S.C.App. § 1202(a)(1). 566 F.Supp. 1283. Jackson argues that the seizure of the weapon violated his fourth amendment rights and the district court erred when it denied his motion to suppress the firearm. We affirm.

 On routine patrol in a police car, St. Louis police turned into an alley where they observed Jackson and Jimmie Johnson. When Johnson saw the marked police car he shouted, "It's the police, man, run." The police chased the men and ordered them to halt. When the men stopped, they raised their hands and turned to face the police car. As the men turned the officers observed a revolver protruding from Jackson's waistband. The officers immediately approached Jackson, seized the revolver, and arrested Jackson.

We disagree with Jackson's argument that the seizure of the weapon violated his fourth amendment rights. A police officer may stop an individual as part of an investigation if, based upon specific and articulable facts, the officer has a reasonable suspicion that a crime is being committed. *Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 1884, 20 L.Ed.2d 889 (1968); *United States v. Sanders*, 631 F.2d 1309, 1312 n. 2 (8th Cir.1980), *cert. denied*, 449 U.S. 1127, 101 S.Ct. 946, 67 L.Ed.2d 114 (1981). When Johnson shouted, "It's the police, man, run," and the two men fled, the officers had specific and articulable facts to justify stopping the men under the *Terry* standard.

After police have made a *Terry* stop, they may conduct a pat down search to protect themselves if the particular facts lead them reasonably to believe the individual is armed. *Sibron v. New York*, 392 U.S. 40, 64, 88 S.Ct. 1889, 1903, 20 L.Ed.2d 917 (1968). The officers observed the revolver in Jackson's waistband before they went beyond the initial stop. Therefore, a pat down of Jackson before the police seized the weapon was unnecessary. *See Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972).

Furthermore, carrying a concealed weapon is illegal in Missouri. *See* MO. REV.STAT. § 571.030.1(1) (1983). Upon observing the weapon, the officers had probable cause to arrest Jackson. The seizure of the revolver, therefore, may alternatively be justified as resulting from a search incident to an arrest. *See Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *United States v. Sanders, supra.*

Accordingly, the judgment of the district court is affirmed.